# UNITED STATES DISRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:22-cr-10 |
| Petitioner, ) | |
| v. ) | Judge Atchley |
| ) | |
| ) | Magistrate Judge Steger |
| JESSE ODELL, JOSH JOHNS, MICHAEL ) | |
| DE LA ROSA, JOSE LOGAN LORENZO, ) | |
| JOSHUA BROWN, JEREMY HARDISON, ) | |
| ALEX WARREN, DYLON MCPEAK, ) | |
| JASON BRYAN, JOHN SPAUGH, ) | |
| DEIDRE TAPP, PATRICIA LEEANN MAY, ) | |
| CRYSTAL, DAWN CROSBY, ) | |
| TRAVIS RAY PATTERSON ) | |
| ) | |
| ) | |
| Defendants ) | |

## MOTION TO SUPPRESS DEFENDANT JOSHUA BROWN'S STATEMENTS

NOW COMES THE DEFENDANT, Joshua Brown, by and through counsel, and pursuant to *Rule 12* of the *Tennessee Rules of Criminal Procedure*, and pursuant to *Fifth Amendment* of the *United States Constitution, the Sixth Amendment* of the *United States Constitution, the Fourteenth Amendment* of the *United States Constitution,* and *Article 1, Section 8* of the *Tennessee Constitution*, and respectfully moves this Honorable Court to enter an Order suppressing from use at trial any and all statements made by Defendant to law enforcement. In support of the present motion, Defendant would state as follows:

1.      On January 6, 2022, Murfreesboro Police Department Officer John Hallman, along with three other assisting officers, went to the Home 2 Suites Hotel located at 909 North Thompson Lane, Murfreesboro, Tennessee, on information that Joshua Brown and Corie Brannan were

located in room 457. Upon knocking on the door, Mr. Brannan answered the door, exited the room and was taken into temporary custody in the hotel hallway. Officer Holman and Sgt. Nathan Corwin then entered the hotel room to perform a safety sweep. Upon this entry, Mr. Brown was found sitting on the bed and detained without incident. Brown had active arrest warrants, and was transported to the Rutherford County Sheriff's Office and booked into the jail.

2. Upon entry into Room 457, Brown was immediately questioned by Officer Holman and Sgt. Corwin. Brown informed the officers he would not speak to them without his attorney present. He unequivocally invoked his right to counsel after he was arrested on his outstanding warrants.

3. On the day following Brown's arrest, January 7, 2022, while he was being housed at the Rutherford County Detention Center, Brown was removed from his holding cell and placed in an interrogation room with two different law enforcement officers who work with the FBI's Drug Task Force.

4. As the recorded interview gets underway, Agent Walker of the Tennessee Bureau of Investigation informs Brown of his *Miranda* rights. *Interview with Joshua Brown*, Defendant, Rutherford Cnty. Det. Ctr. Murfreesboro, Tenn. (Jan. 7, 2022). Assisting in the interrogation, is Investigator Maloney of the Tullahoma Police Department.

5. Brown contends that he should not have been questioned by Agent Walker or Investigator Maloney after he had unequivocally invoked his right to counsel just a day prior with Officer Holman and Sgt. Corwin. "[c]ustodial interrogation must be conducted pursuant to established procedures, and those procedures in turn must enable an officer who proposes to initiate an interrogation to determine whether the suspect has previously requested counsel." Arizona v. Roberson, 486 U.S. 675, 687 (1988).

6. Accordingly, the Defendant maintains that his due process rights under the Fifth Amendment were violated.

7. The Defendant further contends that any statement he gave to the FBI Drug Task Force was not done knowingly and voluntarily, due to the improper offers of leniency and deceptive tactics used by the agents.

8. Agent Walker repeatedly informed Mr. Brown that any incriminating evidence he provided during his interrogation would "pay dividends" when it came time to sentencing. *Id.* The explicit offers of leniency when coupled with the statement "McPeak (Brown's Co-Defendant) decided not to talk, take it on the chin, so he will get maximum sentence at his range" produced a scenario where Mr. Brown was misled to such an extreme that his resulting incriminating statements were not voluntary. *Interview with Joshua Brown*, Defendant, Rutherford Cnty. Det. Ctr. Murfreesboro, Tenn. (Jan. 7, 2022).

9. The Defendant requests that this Honorable Court grant him an evidentiary hearing at which the government will have the burden of proving that Brown was not improperly questioned after his request for counsel and that any post-arrest statements were, in fact, made in a knowing and voluntary manner.

Respectfully submitted,

**LUTHER-ANDERSON, PLLP**

BY: **/s/ Daniel J. Ripper**
**DANIEL J. RIPPER, TN BPR# 015642**
Attorney for Defendant
P.O. Box 151
Chattanooga, TN 37402
(423) 756-5034
djr@lutheranderson.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 14th day of February, 2023.

LUTHER - ANDERSON, PLLP

BY**:  /s/ Daniel J. Ripper**